IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALVIN JAMES JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08-CV-830-TMH |
| ) | [WO] |
| ) | |
| JUDGE EUGENE REESE, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Alvin James Johnson ["Johnson"], a pre-trial detainee presently confined in the Montgomery County Detention Facility. In this complaint, Johnson challenges the validity of actions taken against him during proceedings before the state courts of Montgomery County, Alabama regarding a pending capital offense. Johnson names Eugene Reese, the judge presiding over his criminal proceedings in the Circuit Court of Montgomery County, Melissa Rittenhour, the circuit clerk of Montgomery County, Richard Benjamin White, Jr., appointed counsel, and Sharon Yates, the judge presiding over actions in the District Court of Montgomery County, as defendants in this cause of action. Johnson seeks declaratory relief, any other available relief and a change of venue in his state criminal case. *Plaintiff's Complaint - Court Doc. No. 1* at 5.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

## I. DISCUSSION

### A. Judge Eugene Reese, Judge Sharon Yates and Melissa Rittenhour

1. <u>The Request for Monetary Damages Against Judges Reese and Yates</u>. Johnson complains Judge Reese issued a gag order in violation of his constitutional rights and has failed to rule on motions regarding removal of appointed counsel. Johnson further complains that Judge Yates allowed perjured testimony at a bond hearing and denied him bond based on such testimony. It is clear the allegations made by Johnson against Judge Reese and Judge Yates emanate from actions taken by these defendants in their judicial capacities during state court proceedings over which each had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, the plaintiff's claims for monetary damages against Judge Reese and Judge YatesPrice are "based on an indisputably meritless legal

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

theory" and are therefore due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

    2. <u>Circuit Clerk Melissa Rittenhour</u>. It is clear from a review of the complaint that any claims presented by Johnson against Melissa Rittenhour relate to actions this defendant undertook pursuant to orders issued by the state courts in Johnson's pending criminal case. When a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to the clerk. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). Additionally, where a court clerk acts pursuant to authority granted by state law and acts on behalf of a court, the clerk is absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because she is performing a judicial function. *Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983). In light of the foregoing, the court concludes that Johnson's claims against Melissa Rittenhour relative to docket entries are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. These claims are therefore due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i).

    3. <u>The Request for Declaratory Relief from Orders of the State Courts</u>. To the extent Johnson seeks declaratory relief from adverse decisions issued by Judge Reese and Judge Yates in the state criminal proceedings over which these defendants are currently

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

presiding, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Johnson from proceeding before this court as this case, with respect to Johnson's claims challenging orders issued by the state courts, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of Johnson's request for declaratory relief with respect to actions undertaken during proceedings related to the criminal charge pending against him in the state courts of Montgomery County, Alabama is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. at 327.

4. Relief from Pending Criminal Charge. Johnson seeks relief from this court which would interfere with the actions of the state courts in addressing his pending capital case. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Johnson has an adequate remedy at law because he may pursue any of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Specifically, Johnson may present his claims throughout the on-going state criminal proceedings, including presentation of motions to the district and/or circuit courts, assertion of claims to the appellate court if dissatisfied with the rulings of the lower courts and presentation of claims on direct appeal if he is convicted of the charged offense. Moreover, the plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable

harm. The mere fact that Johnson must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must therefore abstain from considering the merits of Johnson's claims which challenge the constitutionality of actions undertaken by the state courts in his pending criminal case. Consequently, summary dismissal of these claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Richard Benjamin White, Jr.

Johnson complains that Richard Benjamin White, Jr., his appointed counsel on the pending capital charge, has failed to provide him effective assistance in proceedings before the state courts.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "**both** an alleged constitutional deprivation ... **and** that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed

6

attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Johnson complains was not committed by a person acting under color of state law, the § 1983 claims asserted against Richard Benjamin White, Jr., are frivolous as they lack an arguable basis in law. *Neitzke*, 490 U.S. at 327. The claims against defendant White are therefore due to be summarily dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### C.  The Conspiracy Claim

Johnson makes the specious allegation that the adverse actions about which he complains are the result of a conspiracy among the defendants. *Plaintiff's Complaint - Court Doc. No. 1* at 4 (The defendants have "act[ed] in concert" to deny him bond, issue a gag order and tamper with court dockets.). A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). The court has carefully reviewed the instant complaint. At best, the assertions made by Johnson are self serving, purely conclusory allegations that fail to assert those material facts necessary to establish the existence of a conspiracy between the defendants. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing parties "reached an understanding" to violate

plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy). Other than his suppositious allegation, Johnson presents nothing, nor can this court countenance any evidence, which would indicate that the defendants entered into a conspiracy to deprive Johnson of his constitutional rights. In light of the foregoing, the court concludes that Johnson's bare allegation of a conspiracy among the defendants is insufficient to support a claim for relief under 42 U.S.C. § 1983. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against Eugene Reese, Sharon Yates, Melissa Rittenhour, and Richard Benjamin White, Jr., be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2. To the extent Johnson presents claims challenging the constitutionality of criminal charges pending against him before the state courts of Montgomery County, Alabama, these claims be DISMISSED without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before November 3, 2008 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of October, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE